### SHAW v. O'MEARA.

(Supreme Court, Appellate Term. May 5, 1904.)

1. TRIAL—AMENDMENT OF ANSWER—IMPOSITION OF CONDITIONS—ONEROUS CONDITIONS.
   Where, in an action on an account stated, defendant's counsel moved for the dismissal of the complaint after a motion by plaintiff for an amendment thereof so as to read for money loaned, and thereafter defendant moved for leave to amend his answer so as to plead payment and accord and satisfaction, it was error to refuse to grant defendant's motion, save on condition that he withdraw all previous objections.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Mary J. Shaw against Patrick B. O'Meara. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

L. & A. U. Lenke, for appellant.
M. Steinert, for respondent.

PER CURIAM. This is an appeal from a judgment of the Municipal Court, Seventh District, entered upon the direction of a verdict in plaintiff's favor at the close of the case. The action was brought upon an account stated. When plaintiff first rested, her counsel asked that, in furtherance of justice, the complaint be amended so as to read for money loaned. Defendant's counsel at the same time moved for a dismissal of the complaint on the ground that the cause of action sued upon had not been proven. Without determining either motion, the court, against defendant's objection, ordered the plaintiff to be recalled, and she gave further testimony. When she again rested, defendant's counsel renewed the motion to dismiss. The motion was denied, and the ruling duly excepted to. During defendant's examination, plaintiff's counsel objected to testimony tending to show payment, and defendant's counsel then moved for leave to amend the answer so as to plead payment, and accord and satisfaction. The court refused to grant such motion, except on condition that defendant should withdraw all objections theretofore interposed. Defendant's counsel refused to avail himself of the privilege accorded on the condition imposed, and excepted to the refusal of permission to amend. This exception should be sustained. The practice of imposing such a condition should not be encouraged, and, under all the circumstances disclosed by the record, it was too onerous. We think the ends of justice will be best promoted by ordering a new trial.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.